## In re FLORIDA DENTAL MANAGEMENT, INC., Debtor.

### Bankruptcy No. 86-0198-8P1.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 27, 1989.

Russell M. Blain, Tampa, Fla., for debtor.

Dick Thornburgh, Marika Lancaster, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., Michael A. Cauley, Asst. U.S. Atty., Tampa, Fla., Michael Jorgensen, Asst. Dist. Counsel, I.R.S., Jacksonville, Fla., for claimant.

Lynne L. England, Tampa, Fla., Asst. U.S. Trustee.

## ORDER ON MOTION TO MODIFY CONFIRMED PLAN

ALEXANDER L. PASKAY, Chief Judge.

THIS is a confirmed Chapter 11 case and the matter under consideration is a Motion filed by Florida Dental Management, Inc. (Management), the Debtor in the above-captioned Chapter 11 case which seeks authority to modify its confirmed Plan of Reorganization.

In order to put the matter under consideration in proper perspective, it is necessary to consider not only the brief historical background of this particular case, but also of a companion case filed by Lester B. Greenberg and Elisa A. Greenberg (Greenbergs), who also sought relief under Chapter 11. The confirmation of the Greenbergs' Plan of Reorganization is ultimately involved with the Motion under consideration. The facts relevant to the disposition of the Motion under consideration as established at the final evidentiary hearing are as follows:

Mr. Lester Greenberg is a practicing dentist and operated four dental centers at the time relevant to the matter under consideration: One located at Crystal River, Florida, operated by him as a professional association known as Crystal River Dental Center—Lester B. Greenberg, D.D.S., P.A.; one at Bayonet Point and one at Newport Richey, also operated under a separate professional association known as Lester B. Greenberg, D.D.S., P.A., d/b/a Pasco Dental Center and d/b/a Pasco Dental Center at Bayonet Point. The last located at Town & Country in Tampa, Florida, was also operated under a separate professional association known as Town & Country Dental Center—Lester B. Greenberg, D.D.S., P.A. Management was at the time relevant in charge of the management of all of

these entities and, with the exception of professionals such as dentists, hired and fired the necessary personnel and handled all the administrative tasks connected with the operation of these dental centers. The Plan of Reorganization involving the New Port Richey and the Town and Country operation has already been confirmed and they are not involved in the matter under consideration.

In the Chapter 11 case of Management, the Internal Revenue Service (IRS) filed a proof of claim in the amount of $7,463.20. This proof of claim is based on Management's failure to pay the appropriate FICA taxes for its employees was allowed. The original Plan of Management as confirmed had no specific provision as to the manner of payment of this claim except that it provided that it would be paid in full compliance with the Bankruptcy Code's provision in § 1129(a)(9)(C), i.e., within six years of the date of assessment.

The present matter under consideration is a Motion filed by Management who seeks to modify its confirmed Plan. The proposed modification relates to that payment by Management of the claim of the IRS. Management seeks an order to modify the Plan to provide that the IRS shall apply all payments made by Management first to the trust fund portion of the claim and, when that portion is satisfied, to the balance of the claim. Of course, the indirect effect of this modification as approved would be that the Greenbergs in the individual case will not be required to make any payments on the claim of the IRS against them based on 26 U.S.C. § 6672, that is, the 100% assessment on them as the responsible officers so long as the prime obligor, that is, Management, is making the payments. The Plan of Reorganization filed by the Greenbergs made a provision for the allocation of payment just described. The IRS filed an objection to the confirmation of the Greenbergs' Plan on the basis that as a matter of law, such allocation of payment is not permitted because the payments are deemed to be involuntary.

The IRS' objection to the confirmation of the Greenbergs' Plan was heard in due course and on September 19, 1989, this Court entered an Order, having considered the Memorandum and authorities cited in support of and in opposition to the IRS' position and concluded first that whether or not the allocation by a debtor of the payment is "involuntary" was of no legal consequence. Next, this Court, relying on the case of *In re Energy Resources, Inc.*, 871 F.2d 223 (1st Cir.1989) and the companion case of *In re Newport Offshore, Ltd.*, 871 F.2d 223 (1st Cir.1989) concluded that the Debtor may, under certain conditions, designate the allocation of payment of its tax obligation based on the 100% assessment by providing that all payments by the Debtors shall be applied to the trust fund portion of a claim and so long as the payments are made, the IRS should not be permitted to pursue persons who are liable as the responsible persons by virtue of 26 U.S.C. § 6672. The Order scheduled the final evidentiary hearing to receive evidence on the issue of whether or not both plans of reorganization, i.e., the Plan as modified by Management and the Plan of the Greenbergs, met the test set forth by the First Circuit in the case of *In re Energy Resources, Inc.*, and *Newport Offshore, Ltd., supra.*

The Order of September 19, 1989, has not been challenged by an appeal, thus, established the law of the case in the Chapter 11 case of the Greenbergs.

According to the testimony presented, the projected gross earnings of Management will be $337,000 in the year 1990. This estimate is based on the actual earnings of Management from the four entities in the past during 1989. The total expenses of Management are projected to be $73,000 for the year 1990. The Plan of Management originally proposed to pay $16,665.50 each year for three years to satisfy the claim of the IRS. This was based on the incorrect assumption by Management that the IRS' claim was greater than the claim actually filed. Thus, it is evident that since the claim of the IRS is only $7,463.20, Management is clearly able to pay the IRS' claim in full in less than

one year or close to six months. This being the case, there is no question that a provision in the Greenbergs' Plan that they shall not be required to pay anything to the IRS so long as Management meets its primary obligation, is proper and in no way puts the IRS' claim against the Greenbergs in jeopardy. The record also reveals that the IRS' claim in the individual case of the Greenbergs is in the amount of $169,-100.96, out of which $36,861.00 is an unsecured priority claim. According to the Debtors, $132,239.74 is a stale tax liability, not entitled to priority status.

In opposing the Motion to Modify the Confirmed Plan, and objecting to the confirmation plan of the Greenbergs, the IRS urges that the Court's reliance on *Energy Resources* is misplaced because in *Energy Resources* and also in *Newport Offshore, Ltd.*, the parties who funded the plan in those cases were not debtors, unlike the present instance where the parties who are to be protected by the proposed modification are themselves Debtors.

In addition, the IRS urges that *Energy Resources* requires a showing that the modification sought, benefits all creditors. In support of this proposition, the IRS claims that the plan of the Greenbergs provides that only a 30–cent dividend be paid to unsecured creditors and if Management's Motion to Modify the Plan is granted and the Greenbergs' plan is confirmed, the creditors' position will not be improved even though the Greenbergs will be relieved of their separate obligations to pay the trust portion of the IRS' claim which was filed in Management.

It is the opinion of this Court that this is not the proper reading of *Energy Resources* and the only question is whether or not the proposed modification of the IRS' claim filed in the case of Management will be put in jeopardy if the modification is permitted and if the Plan of the Greenbergs is confirmed. Considering the first contention of the IRS, this Court is of the opinion that the fact that the Greenbergs themselves are Debtors is without significance so long as this Court is satisfied that the claim of the IRS in the Management case in the amount of $7,463.20 is not placed in jeopardy by the proposed amendment. Concerning the second contention of the IRS to the effect that the proposed modification must benefit the creditors of Management, this Court is not aware of any such requirements and if the original plan as proposed and confirmed met the statutory requirements of § 1129(a), the proposed modification would not change the legal sufficiency of the Plan and still could stand confirmed.

Based on this record, the answer to this question must be answered in the negative. As noted, the original Plan contemplated a monthly payment of $16,665.50. Since all that is required here is a payment of $7,463.20, which is based on the income and expenses projected of Management, it certainly would be more than enough to assume full payment of the IRS' claim. This mistake was based on the fact that the IRS did, in fact, at one time file a claim in the case of the Greenbergs, Claim No. 7, which among other items, indicated the liability of the Greenbergs for their involvement in Florida Dental Management to be in the amount of $36,861.22. The fact of the matter is, however, that the IRS never filed such a claim in the Management case.

In light of the fact that the IRS' claim in Management is only $7,463.20, there is no question that the IRS' claim will be paid in full in approximately six months. Once this claim is paid, the Greenbergs will be relieved of any liability of the trust fund portion of that claim. This being the case, this Court is unwilling to find that the IRS' claim against the Greenbergs based on 26 U.S.C. § 6672 would in any way be put in jeopardy by permitting the modification proposed by Management. For this reason, this Court is satisfied that the Motion filed by Management to modify its confirmed Plan is well taken. In turn, the provision of the Plan filed by the Greenbergs as it relates to their obligation to pay the trust fund portion of the IRS' claim filed in Management, is appropriate and the IRS' objection to the allocation of payment under the plan of the Greenbergs is without merit.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion filed by Florida Dental Management, Inc., to Modify Confirmed Plan be, and the same is hereby, granted, and the proposed modification is approved and shall be part of the confirmed Plan.

DONE AND ORDERED.